## THOMAS W. COLESCATT *v.* MORTON GALT & CO.

**Bill of Exchange—Endorser—Consideration for—Banks and Banking.**
   Where a discounting bank, requests an endorsement of other than the payee of a draft, and such endorsement is given, the payment of the amount to the payee, ·is a sufficient consideration to hold the other endorser liable.

**Words and Phrases.**
   "In current funds," recited in a draft, or certificate of deposit, means lawful money in current circulation.

APPEAL FROM JEFFERSON CIRCUIT COURT.

February 1, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

William Winter being a stranger to appellees and holding a

certificate of deposit, apparently, for one thousand dollars in current funds on the National Bank of the Republic, city of New York, and desiring to get it discounted took appellant to appellees, who are bankers of Louisville, for the purpose of identifying him, when appellees said to appellant if he would indorse the paper they would buy it, to which he assented and placed his name below that of Winters on said certificate.

It is averred in the petition that the words "current funds" mean in said certificate of deposit lawful money of the United States of America. Appellant insists he put his name upon said paper for identification and not with any view of being responsible. He does not traverse the allegation as to the meaning of the words "current funds." As the appellees required a home indorser before they would purchase the paper and Colescatt agreed to become such and actually indorsed it before they purchased, the consideration paid to Winters was ample to sustain Colescatt's obligation as indorser, and the judgment as to his liability is right.

It is also insisted as error that the judgment is for money instead of the value of the currency, and, that as in this State nothing but gold and silver is regarded as a legal tender, the value of the currency should have been ascertained and the amount reduced accordingly. Whilst this is technically and rigidly legal, yet the almost universal custom of our people is to receive such funds, even upon judgments, and executions, and appellees say in this case they are willing to do so, which perhaps would be binding on them.

But if this should not be so, as the averment that the words current funds mean lawful money is not denied, nor controverted in any shape, we cannot over its confession judicially determine that such words do not mean lawful money, which in this State is held only to be gold and silver coin, therefore, although we might reverse on this technical error, under other circumstances yet we cannot in this case.

The certificate of deposit having been raised from one hundred to one thousand dollars was a forgery and the New York bank not responsible for it, but the indorsers, Winters and Colescatt, were severally and jointly. As one hundred dollars was really deposited with said bank, it still owed that amount and doubtless was willing to pay it, hence the probable willingness of the appellees to credit the debt that much.

Wherefore, the judgment is *affirmed.*

*Thompson, for appellant.*

*Pirtle & Caruth, for appellee.*